## DALLAS HOTEL CO. v. McCUE.
### No. 2791.

Court of Civil Appeals of Texas. El Paso.
Feb. 9, 1933.

Rehearing Denied Feb. 23, 1933.

Martin B. Winfrey and Philip I. Palmer, both of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

WALTHALL, Justice.

This is a second appeal of this case. A statement of the case and the issues there presented and discussed are found in 25 S.W.(2d) 902, to which we refer for a more extended statement than we think to give here.

Miss Mary McCue sued the Dallas Hotel

Company to recover on an alleged breach of contract of employment. She alleges that she was employed by the Dallas Hotel Company by the year, on a monthly salary of $85 per month, as mail clerk; that she had been so employed for over two years at the time of her discharge from service. By a trial amendment not found in the record but referred to in the briefs of both parties, and so submitted to the jury, she alleges in the alternative that her employment was from month to month. The basis of her suit is that she was discharged from service without cause, stating certain circumstances as having occurred, and that by reason of such discharge the appellant owed her for eleven months' salary amounting to the sum of $935, stating the date and time, and in the alternative on a month to month employment, for the sum of $85 for the current month of service. She alleges that the manner of her discharge, stating same at much length, by the hotel company and manager, was malicious and wanton, the language used in discharging her was abusive, that he took her by the arm, shoved and dragged and pulled her out of the office of the mailing department in the presence of others, without cause or justification, and for which she sues for exemplary damages.

Appellant answered, and among other defenses answered by general and special denial; that the discharge was for good cause, in that appellee refused to comply with a reasonable request made to her in the scope of her duties; that her discharge was without abusive language or mistreatment of any kind.

On special issues submitted the jury found all issues in favor of appellee, except that in response to issue No. 9, the jury found that R. B. Ellifritz, in discharging Miss McCue, did not use any physical voilence upon her person; found that appellee was employed on a month to month salary; as a result of being discharged without good cause appellee's damage was assessed at $85, the contract value of her services for the current month of her service; the jury found and assessed exemplary damages at $500.

The court entered judgment for appellee in the sum of $585, and the Dallas Hotel Company appeals.

### Opinion.

We overrule appellee's motion to strike out the statement of facts.

On the trial the court permitted appellee to testify, over objection, that a few days after her discharge her mouth "all broke out with black sores and remained there over a week," and that it "caused her annoyance and suffering."

Appellant submits that the admission of such testimony was error. Appellee contends that other testimony having been offered showing that appellee's discharge, and the manner of her discharge, put her into a nervous condition and that such testimony was a legitimate and proper inquiry as to whether or not the sores in the mouth were a reaction to the nervous condition testified to.

We think the admission of the evidence by appellee was error and on a material issue. On the former trial appellee was permitted to testify to the sores appearing in appellee's mouth, and what the doctors said about it.

In discussing the admission of the evidence the Dallas Court of Civil Appeals said the evidence of what the doctors said, "and appellee's conclusion as to the cause of the soreness in her mouth should not have been admitted. It is in part hearsay, and in part an opinion of the non-expert witness in reference to a matter about which such a witness cannot give a conclusion. Such evidence being on a material issue, the over-ruling of the objection is reversible error." The only difference to the objection now and on the former trial is that the hearsay feature of the evidence on the former trial is eliminated. The evidence of appellee here, as on the former trial, is that of a nonexpert witness and about which she could not give a conclusion, nor could the jury conclude from the evidence of the witness that the sores in her mouth were the result of her discharge or the manner of her discharge. It is not made to appear by other evidence that the appearance of sores in the mouth is a natural result of a discharge or the manner of a discharge from service, so that it could be reasoned that such result would naturally follow from such discharge.

We think points 2 and 3 are without merit.

The evidence does not show, in our opinion, that appellee was depending upon a custom as to who should or should not open other people's telegrams in her charge, as mail clerk. Nor was it a mixed question of law and fact to submit to the jury a question of what was the understanding of appellant and appellee as to the term of appellee's employment, whether by the year or by the month. There was no question but that appellee was employed. There was no evidence that her employment was for a shorter time than one month. Her employment, though "at will," would seem to be for a month, as found by the jury. No injury is shown.

The jury found that appellee was discharged without reasonable cause, and we think the evidence was sufficient to sustain the finding.

For the reason that improper evidence was admitted on the issue of exemplary damages the case must be reversed and remanded, and it is so ordered.

Reversed and remanded.